IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____

**JENNIFER CATHRYN YARDLEY**,
individually, and on behalf of others
similarly situated,

    Plaintiff,

        v.

**UNITED PARCEL SERVICE, INC.**,
An Ohio Corporation,

    Defendant.

No._____

FLSA Collective Action
**JURY TRIAL DEMANDED**

_____

## COLLECTIVE ACTION COMPLAINT
_____

Plaintiff Jennifer Cathryn Yardley ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this collective action against Defendant United Parcel Service, Inc. ("Defendant") and alleges as follows:

### I.    INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated individuals, as defined herein.

1

2. At all times material to this action, Plaintiff and other similarly situated employees were employed by and worked for Defendant as Personal Vehicle Drivers ("PVDs").

3. During the period beginning three years before the filing of this Complaint through the present date, Defendant failed to compensate PVDs, such as Plaintiff, as required by the FLSA for all hours worked over 40 per week.

4. Upon information and belief, for at least three years prior to the filing of this action, Defendant willfully committed the class-wide violations of the FLSA alleged herein.

## II. JURISDICTION AND VENUE

5. The FLSA authorizes private actions to recover damages for violations of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b).

6. Because Plaintiff's claims raise questions of federal law, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant's Principal Office Address is located in this district.

## III. COLLECTIVE ACTION DESCRIPTIONS

8. Plaintiff brings this action on behalf of herself and the following Collective Action Members:

> All current and former employees of United Parcel Service, Inc. who worked more than 40 hours per week as Personal Vehicle Drivers, anywhere in the United States, during at least one week within the period dating back three years from the date any such employee files a written consent to join this lawsuit.

## IV.    PARTIES

9. Plaintiff was employed by Defendant as a PVD in the Knoxville, Tennessee area within the past three years.

10. Plaintiff's Consent to Join this Collective Action is attached as *Exhibit A*.

11. Defendant is an Ohio corporation with its principal office located at 55 Glenlake Pkwy, Atlanta, Georgia 30328-3474.

12. Defendant was Plaintiff's "employer" as that term is defined under the FLSA during all times material to this action.

13. According to the Georgia Secretary of State, Defendant can be served process through its registered agent: CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, Georgia, 30060.

## V.   ALLEGATIONS

14. Defendant United Parcel Service, Inc. is a logistics and supply chain management company in the business of delivering packages to residential and commercial properties.

15. Defendant hires and employs individuals as PVDs on a seasonal-basis to assist during periods, such as the winter holidays, when Defendant's package deliveries increase exponentially.

16. Defendant has been the "employer" of Plaintiff and similarly situated PVDs within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Original Collective Action Complaint.

17. As the job title suggests, Personal Vehicle Drivers drive their personal vehicles to deliver packages to Defendant's customers.

18. Plaintiff Yardley, for example, drove a 2010 Chrysler Town & Country to perform duties as a PVD.

19. PVDs, such as Plaintiff, are paid on hourly basis, with some additional compensation for mileage.

20. For example, Defendant's job posting for a PVD position in St. Mary's, Georgia, advertises the position as paying at a rate of $21 per hour plus $0.56

per mile. *See* https://www.jobs-ups.com/job/st-marys/seasonal-personal-vehicle-package driver/1187/13612288 (last visited Dec. 20, 2021).

21. Plaintiff and other PVDs are routinely scheduled to work at least 40 hours per week.

22. Defendant dispatches PVDs to storage units where they pick up packages for deliveries.

23. Defendant also instructs PVDs to meet other drivers to obtain packages for deliveries.

24. Defendant instructs PVDs where and when to be to receive packages for subsequent delivery.

25. When Defendant instructs PVDs to be at specific locations at specific times for the purpose of receiving packages, Defendant represents to PVDs that the packages are ready to be picked up.

26. Despite Defendant's representations that packages are ready for pick up, PVDs must frequently wait for periods of time to receive the packages because they are not, in fact, ready to be picked up by PVDs at the specified time.

27. This "wait time" is often significant.

28. For example, on numerous occasions, Plaintiff was required to wait for upwards of 45 minutes before packages were actually ready for pick up.

29. Plaintiff and other PVDs are not paid for this "wait time."

30. When PVDs, such as Plaintiff, work more than 40 hours per week, their unpaid "wait time" results in unpaid overtime hours worked.

31. Therefore, Plaintiff and other similarly situated PVDs are entitled to receive from Defendant unpaid compensation for all hours worked over 40 per week, including the aforementioned wait time, at a rate of one and one-half times their regular rates.

32. The unpaid overtime claims of Plaintiff and other PVDs are unified through a common theory of Defendant's FLSA violations.

33. Defendant was responsible for establishing and administering pay policies and practices applicable to PVDs, including pay classifications and overtime pay rates.

34. Defendant had a common plan, policy, and practice of establishing and administering pay practices for its PVD employees.

35. Plaintiff and other similarly situated employees have been "employees" of Defendant, as defined by Section 203(e)(1) of the FLSA, and have worked for Defendant within the territory of the Unites States within three years preceding the filing of their consents to join this action.

36. Defendant has been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA with annual revenue in excess of $500,000.00 during all times material to this Collective Action.

37. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and in the production of goods in interstate commerce, and its employees have been engaged in interstate commerce.

38. Defendant employed a time keeping system for tracking and reporting the employee hours worked by Plaintiff and similarly situated employees during all times material to this action.

39. However, Defendant failed to keep accurate records of all hours worked by Plaintiff and other similarly situated PVDs, including "wait time" hours, in violation of the FLSA's recordkeeping requirement.

40. Because Defendant failed to maintain accurate time records, Plaintiff and other similarly situated PVDs may prove their uncompensated overtime hours as a matter of just and reasonable inference.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

41. Plaintiff, on behalf of herself, individually, and on behalf of the Collective Action Members, repeats and re-alleges each preceding paragraph above as if they were set forth herein.

42. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendant employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

44. Defendant willfully subjected Plaintiff and the Collective Action Members to a common plan, de facto policy, and practice of failing to pay all overtime compensation due for all hours worked over 40 per week.

45. Defendant failed to pay Plaintiff and the Collective Action Members the applicable FLSA overtime rates of pay (at not less than one and one-half times their regular hourly rate of pay) for all hours worked over 40 per week.

46. At all relevant times, Defendant had actual, as well as constructive, knowledge that Plaintiff and the Collective Action Members worked uncompensated hours in excess of 40 per week.

47. Defendant acted willfully, and without a good faith basis, in failing to pay Plaintiff and the Collective Action Members all overtime compensation for all hours worked over 40 per week within applicable weekly pay periods during all times relevant to this action.

48. Accordingly, Plaintiff and the Collective Action Members are entitled to, and hereby seek to recover from Defendant, compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREAS, Plaintiff, individually, and on behalf of all others similarly situated, requests this Court to grant the following relief against Defendant:

A. Certification of this case as a collective action on behalf of the Collective Action Members and prompt authorization of notice, pursuant to 29 U.S.C. § 216(a), apprising all similarly-situated employees of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime hours to Plaintiff and the Collective Action Members;

C. An award of liquidated damages to Plaintiff and the Collective Action Members;

D. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and the Collective Action Members;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and the Collective Action Members;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and;

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated: January 6, 2022.

Respectfully Submitted,

By: _/s/ John Mays_

| | |
|---|---|
| **PARKS CHESIN & WALBERT, P.C.** | A. Lee Parks, Jr. |
| 75 Fourteenth Street, 26th Floor | Georgia Bar No. 563750 |
| Atlanta, Georgia 30309 | John L. Mays |
| Tel: (404) 873-8000 | Georgia Bar No. 986574 |
| lparks@pcwlawfirm.com | |
| jmays@pcwlawfirm.com | |

&

_/s/ Robert E. Morelli, III_

| | |
|---|---|
| **JACKSON, SHIELDS, YEISER HOLT, OWEN & BRYANT** | *J. Russ Bryant |
| Attorneys at Law | TN BPR #33830 |
| 262 German Oak Drive | *Robert E. Morelli, III |
| Memphis, Tennessee 38018 | TN BPR #37004 |
| Tel: (901) 754-8001 | *application for admission _pro hac vice_ forthcoming |
| Fax: (901) 759-1745 | |
| rbryant@jsyc.com | _Attorneys for Named Plaintiff and the Collective Action Members_ |
| rmorelli@jsyc.com | |